1809.

Hoffman
vs
Baker

---

December.

Where a bill was filed in chancery, to set aside and annul a decree before obtained by the defendant against the complainant, on the ground of fraud practised by the defendant in obtaining that decree, there appearing to be no evidence of fraud, the bill was dismissed, *but without costs*. On an appeal to the court of appeals by the *complainant*, that court *affirmed* so much of the decree as dismissed the bill, but *reversed* that part of it which directed that the dismissal should be *without costs*, and decreed that the appellant pay to the appellee his costs incurred in both courts.

HOFFMAN vs. BAKER.

APPEAL from the Court of Chancery, *dismissing* the bill of the complainant, (now appellant,) which was filed on the 5th of April 1802. The object and nature of the bill is stated in the decree.

KILTY, Chancellor. (July term 1806.) The object of the bill, as stated therein, and in the arguments of the counsel, is to set aside and annul the decree heretofore obtained by the defendant against the complainant, in this court in October 1801, on the ground of fraud practised by the defendant in the obtaining that decree.

It becomes necessary therefore to examine how far this allegation is supported by the evidence in the present suit. This consists of the plot returned, by which the complainant contends, that it appears the locations of the lands in controversy are different from what they were represented to be in the former case. But this circumstance, supposing it to be clearly established, does not amount to a proof of fraud as to the former decree. One part of the testi-

mony, admitted in the former case, was the deposition of *John Foster*, which the complainant alleges was repugnant to the truth; and another was the certificate of *Bell*, as an assistant surveyor to *Gist*, which the complainant states was agreed by his counsel to be admitted as evidence upon the false suggestion of the defendant. Of this fact there appears to be no proof; and although fraud may be inferred from a variety of circumstances combined together, it is not to be presumed merely because the fact may on the present proof be different from what the evidence, admitted through mistake, showed it to be.

It is not necessary or proper to go into the former decree on the evidence then produced, and it must stand, unless it can be set aside according to the known and established principles of this court. *Decreed*, that the bill of the complainant be dismissed, *but without costs*. From this decree the *complainant* appealed to this court.

The cause was argued before CHASE, Ch. J. NICHOLSON, GANTT, and EARLE, J. by

*Johnson*, (Attorney-General,) for the Appellant; and by

*Shaaff*, for the Appellee.

THE COURT decreed, that so much of the decree of the court of chancery as *dismissed* the bill of complaint of the complainant be *affirmed*; and that that part of the decree which directs that the dismissal of the bill should be without costs, be *reversed*; and decreed that the appellant pay to the appellee all the costs incurred by the appellee in the court of chancery, and in this court.

DECREE REVERSED, &c.